**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2127**

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND,

       Plaintiff - Appellee,

    v.

JASON EDWARD RHEINSTEIN,

       Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:17-cv-02550-MJG)

Submitted: January 28, 2019               Decided: February 5, 2019

Before WILKINSON and MOTZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Jason E. Rheinstein, Appellant Pro Se. Brian E. Frosh, Attorney General of Maryland, Michele J. McDonald, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Edward Rheinstein appeals the district court's orders granting the Attorney Grievance Commission of Maryland's motion to remand for lack of federal jurisdiction and denying Rheinstein's emergency motion to stay remand pending appeal or for reconsideration or for appropriate relief. We dismiss in part and affirm in part the district court's orders denying the notice of removal and remanding the case to state court and denying Rheinstein's emergency motion.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §§ 1442 or 1443 (2012)] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d) (2012). Rheinstein removed the action pursuant to the federal officer removal statute, 28 U.S.C. § 1442, and, pursuant to 28 U.S.C. §§ 1331, 1441(a (2012), on the ground that it presented a federal question.

> A defendant seeking to remove a case under Section 1442 must establish (1) [he] is a federal officer or a person acting under that officer; (2) a colorable federal defense; and (3) the suit is for an act under color of office, which requires a causal nexus between the charged conduct and asserted official authority.

*Northrup Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017) (internal citations and quotation marks omitted). Because Rheinstein failed to meet his burden of establishing that he met these criteria, we affirm the portion of the district court's orders remanding for lack of subject matter jurisdiction under the federal officer removal statute and denying the emergency motion. The remainder of the appeal

2

must be dismissed because this court lacks jurisdiction to review the district court's order. *See* 28 U.S.C. § 1447(d).

We therefore dismiss the appeal in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*